IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES ARTHUR MULGREW,

      Petitioner,                  No. CIV S-09-0767 MCE GGH P

    vs.

M. McDONALD, et al.,           ORDER AND

      Respondents.           FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In 1999, petitioner plead guilty to second degree murder.

        This action is proceeding on the original petition filed March 19, 2009.  Petitioner alleges that at the time he plead guilty, he was not advised that restitution or a fine was part of the plea agreement.  Petitioner alleges that counsel was ineffective for failing to advise him of this term of his plea agreement.

        Pending before the court is respondent's May 26, 2009, motion to dismiss on grounds that this action is barred by the statute of limitations.  For the following reasons, the court recommends that respondent's motion be granted.

/////

1

On August 11, 2009, respondent filed a motion for an extension of time until September 11, 2009, to file a reply to petitioner's opposition. Good cause appearing, this motion is granted and the reply filed September 10, 2009, is deemed timely filed.

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner did not appeal. Therefore, his conviction became final on May 29, 1999, when the time to file an appeal expired sixty days after the March 30, 1999, sentencing. See Cal. R. Ct. 8308(a) (former Cal. R. Ct. 30.1). Petitioner had one year from May 29, 1999, to file a timely federal petition. 28 U.S.C. § 2244(d)(1)(A) (statute of limitations runs from date when judgment becomes final). The instant action is not timely unless petitioner is entitled to statutory or equitable tolling.

In his opposition to the pending motion, petitioner argues that the limitations period is governed by 28 U.S.C. § 2244(d)(1)(D), i.e. the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. Petitioner claims that in 2007, he obtained a copy of his sentencing transcript after an Olson review. Another

inmate reviewed the transcript and pointed out to petitioner that the sentencing judge had not informed him of his right to appeal. Petitioner apparently argues that because he did not know he could appeal until 2007, the statute of limitations should run from that time.

Petitioner does not claim that he did not know the factual predicate of his claim, i.e. that he did not know that a fine or restitution was part of his plea agreement, until 2007. Petitioner does not claim, for example, that he was not present at his sentencing where the terms of his plea agreement were discussed. As observed by respondent, the record indicates that petitioner was present during the sentencing proceedings. Opposition, Exhibit 1. At the sentencing hearing, the court told petitioner that he was ordered to pay restitution of $249.80 to Shirlee Linquist and $14420.80 to the Victim Witness. Id. In addition, the court told petitioner that he also owed $15,000 [sic, $1,500.00] to the Department of Corrections. Id.[1] Because petitioner was aware of the factual predicate of his claim at the time he plead guilty, and because he does not separately raise a claim alleging that he was not advised of his right to appeal, the court finds that his argument that the limitations period is governed by 28 U.S.C. § 2244(d)(1)(D) is without merit.

Because the failure of the trial court and counsel to advise petitioner of his right to appeal did not prevent him from being aware of the factual predicate of his claim, petitioner's argument regarding the lack of an appeal advisement is more appropriately addressed in a discussion regarding equitable tolling.

28 U.S.C. § 2254(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

\\\\\

---

[1] The trial judge corrected his initial misstatement on the record.

3

1       In 2007 petitioner filed his first request for post-conviction relief in state court
2 when he filed a motion for sentence modification. Respondent's Lodged Document 2. While
3 this document does not contain a file stamp nor a dated signature by petitioner, the Yuba County
4 Superior Court denied the petition on October 22, 2007. Respondent's Lodged Document 3.
5 While the date petitioner filed this motion is not clear, it is clear that he filed this motion well
6 after the limitations period ran in May 2000. Because petitioner did not seek post-conviction
7 relief until the limitations period had run, he is not entitled to statutory tolling. Jiminez v. Rice,
8 276 F.3d 478 (9th Cir. 2001).

9       The court now considers whether petitioner is entitled to equitable tolling. The
10 one year statute of limitations for filing a habeas petition may be equitably tolled if
11 "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on
12 time." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). The prisoner must show that the
13 "extraordinary circumstances" were the cause of his untimeliness. Stillman v. LaMarque, 319
14 F.3d 1199, 1203 (9th Cir. 2003). "Indeed, the threshold necessary to trigger equitable tolling
15 [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d
16 1063, 1066 (9th Cir. 2002). Petitioner "bears the burden of showing that this extraordinary
17 exclusion should apply to him." Id. Determining whether equitable tolling applies is a "fact-
18 specific" inquiry. Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001).

19       As discussed above, the court considers whether petitioner is entitled to equitable
20 tolling based on the failure of the trial court and/or counsel to advise petitioner of his right to
21 appeal.

22       The constitution does not require that a defendant entering a guilty plea be advised
23 of his right to appeal. Tanner v. McDaniel, 493 F.3d 1135, 1147 (9th Cir. 2007). In addition,
24 former rule 250 of the California Rules of Court (now Cal. Rules of Court, rule 4.305) requires
25 courts to advise defendants of appellate rights upon conviction after trial; the rule does not apply
26 when defendants are sentenced after entering a plea of guilty. People v. Serrano, 33 Cal.App.3d

4

331, 109 Cal.Rptr. 30 (1973).  Under state and federal law, petitioner had no right to be advised of his right to appeal because he pled guilty.  Equitable tolling is available, however, if an attorney's performance in advising his client, or performing other duties, is egregiously poor. Spitsyn v. Moore, 345 F.3d 796 (9th Cir. 2003).  Tanner did discuss the case of Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029 (2000), which held that the failure of counsel to consult with his client regarding appeal *could* be ineffective assistance of counsel if both prongs of such a claim were established.  Assuming for the moment that all instances of ineffective assistance of counsel are "egregious" misconduct on the part of an attorney, petitioner has failed to show the prejudice component required for a finding of ineffectiveness.  He in no way demonstrates that the financial components of his sentence were unlawful under California law or federal constitutional law.  Indeed, he attaches to his petition the ruling of the Third District Court of Appeal to the contrary.  For that reason, the court does not find that the failure of the trial court and counsel to advise petitioner of his right to appeal constituted an  "extraordinary circumstances" which made filing a timely federal petition beyond his control.

For the reasons discussed above, the court finds that petitioner's habeas corpus petition is barred by the statute of limitations.

Accordingly, IT IS HEREBY ORDERED that respondent's August 11, 2009, motion for extension of time (no. 16) is granted; the reply is deemed timely filed;

IT IS HEREBY RECOMMENDED that respondent's May 26, 2009, motion to dismiss (no. 11) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised

1 | that failure to file objections within the specified time may waive the right to appeal the District
2 | Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 | DATED: 09/25/09

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

6 | mul767.mtd